1  JOHN L. BURRIS (SBN #69888)
   LAW OFFICES OF JOHN L. BURRIS
2  7677 Oakport Street, Suite 1120
   Oakland, California 94621
3  (510) 839-5200; FAX (510) 839-3882
   Email: john.burris@johnburrislaw.com
4
   JAMES B. CHANIN (SBN# 76043)
5  JULIE M. HOUK   (SBN# 114968)
   Law Offices of James B. Chanin
6  3050 Shattuck Avenue
   Berkeley, California 94705
7  (510) 848-4752; FAX: (510) 848-5819
   Email: jbcofc@aol.com
8                              E-filing

   Attorneys for Plaintiff
9  Reginald Oliver

10           UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12
   REGINALD OLIVER, individually and on        )   CASE NO. C08-04914
13 behalf of those persons similarly situated,  )
                                                )   COMPLAINT FOR DAMAGES,
14         Plaintiffs,                          )   DECLARATORY AND INJUNCTIVE
                                                )   RELIF
15 vs.                                          )   (Violation of Civil Rights,
                                                )   42 U.S.C. Section 1983)
16                                              )
                                                )   CIVIL RIGHTS CLASS ACTION
17 CITY OF OAKLAND; KARLA RUSH OR               )
   DOE 1, individually and in her capacity as a )   JURY TRIAL DEMANDED
18 police officer for the City of Oakland; DOES )
   2-100, inclusive,                            )
19                                              )
           Defendants.                          )
20                                              )
                                                )
21 _____  )

22

23              COMPLAINT FOR DAMAGES

24                          1

FILED

OCT 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## JURISDICTION

1.      This action arises under 42 U.S.C. Sections 1983.  Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2.      The claims alleged herein arose in the City of Oakland, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions.  28 U.S.C. Section 1391(b)(2).

## PARTIES

3.      Plaintiff, REGINALD OLIVER, is an African American male.

4.      Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

5.      Defendant KARLA RUSH (hereinafter Defendant RUSH) or DOE 1 was at all times herein mentioned, a Police Officer for Defendant CITY OF OAKLAND and is sued herein in her individual and official capacities.

6.      Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believe, and upon such information and belief allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, false

COMPLAINT FOR DAMAGES

2

arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

7.  In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

8.  In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

9.  In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants herein.

## STATEMENT OF FACTS

10.  Defendant CITY OF OAKLAND and high ranking CITY OF OAKLAND officials have long been on actual notice that members of the CITY OF OAKLAND Police Department, particularly those assigned to narcotics and gang units, have repeatedly violated the constitutional rights of citizens by fabricating information in reports, providing false and/or intentionally misleading information in warrant affidavits to the Court and have otherwise caused numerous citizens to be subjected to searches, arrests, imprisonment and malicious prosecutions without probable cause.

11.  Despite the fact that the City of Oakland agreed to a non-monetary settlement agreement in the case of *Delphine Allen, et al. v. City of Oakland*, USDC No. C-00-4599 TEH, otherwise known as "The Riders" litigation, which was intended to redress and prevent a recurrence of a pattern and practice of such abuses and constitutional violations by

COMPLAINT FOR DAMAGES

3

drug and gang officers in the Oakland Police Department, the CITY OF OAKLAND has repeatedly failed fully implement and enforce said settlement agreement, and worse, it now appears that numerous members of the defendant CITY OF OAKLAND's Police Department have continued to engage in customs, policies, patterns and practices of fabricating information in reports, providing false and/or intentionally misleading information in warrant affidavits to the Court and have otherwise continued to cause numerous citizens to be subjected to searches, arrests, imprisonments and malicious prosecutions without probable cause.

12.    In particular, plaintiff is informed and believes and thereon alleges that members of the CITY OF OAKLAND Police Department, including, but not limited to, defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of providing false or misleading information in police reports, warrant affidavits, testimony and/or in other writings and/or verbal statements in order to cause the false arrest, false imprisonment and/or malicious prosecution of numerous individuals, including, but not limited to, the plaintiff, REGINALD OLIVER and class members described below.

13.    Plaintiff is further informed and believes and thereon alleges that said customs, policies, patterns and/or practices are the product of a culture of tolerance in the CITY OF OAKLAND Police Department in which the end result, i.e., an arrest and/or prosecution, by any means necessary (whether lawful or unlawful) has become more important than ensuring that the Constitution and legal processes are followed by members of the Oakland Police Department.

14.    Plaintiff is further informed and believes and thereon alleges that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the

COMPLAINT FOR DAMAGES

4

constitutional rights of primarily the minority citizens who live, visit and/or travel within Oakland neighborhoods in particular -- defendant CITY OF OAKLAND has long allowed citizens, such as the plaintiff and the class members herein, to be abused by its police officers, including by defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or by each of them, individually and/or while acting in concert with one another.

15.     As a result of the pre-existing customs, policies, patterns and/or practices of such abuses by members of defendant CITY OF OAKLAND's Police Department, plaintiff, REGINALD OLIVER and the class members described in this Complaint, were subjected to the violation of their constitutional rights as alleged herein.

16.     Specifically with respect to plaintiff REGINALD OLIVER, plaintiff is informed and believes and thereon alleges that defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

17.     Thereafter, plaintiff OLIVER was subjected to an unreasonable search and seizure on or about March 8, 2008, when members of the CITY OF OAKLAND Police Department used said warrant to enter a residence located at or about 619 Douglas Avenue in Oakland, California, where the plaintiff was located.

18.     As a result of said unreasonable search and seizure, the plaintiff was arrested without reasonable or probable cause.  The plaintiff was thereafter imprisoned in jail without reasonable or probable cause until he was able to post bail. The plaintiff was thereafter

COMPLAINT FOR DAMAGES

5

maliciously prosecuted on criminal charges in Alameda Superior Court as a direct result of the illegally obtained warrant.

19.    Eventually, on or about October 6, 2008, plaintiff is informed and believes and thereon alleges that the malicious charges were dismissed after the Alameda County District Attorney's Office discovered that the warrant was obtained illegally by defendant KARLA RUSH or DOE 1 and/or by DOES 2-50, individually and/or while acting in concert with one another.

20.    Plaintiff is further informed and believes and thereon alleges that plaintiff, and all persons similarly situated, suffered the violation of their constitutional rights as a result of customs, policies, patterns and/or practices of Defendant CITY OF OAKLAND, DOES 51-100, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Oakland Police Department, including, but not limited to, defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

21.    Plaintiff is further informed and believes and thereon alleges that he, and all persons similarly situated to him, suffered the violation of their constitutional rights as alleged herein as a result of customs, policies and/or practices of defendants CITY OF OAKLAND, DOES 51-100, and/or each of them, including customs, policies and/or practices of failing to fully and/or fairly investigate complaints of misconduct against its police officers; of failing to appropriately monitor or otherwise track complaints of misconduct against its police officers so that appropriate and timely disciplinary action and/or training could be taken when officer(s) were shown to have a history of complaints; and/or of failing to promptly remove or terminate officers who repeatedly violated the rights of citizens and/or engaged in the type of misconduct alleged herein.

COMPLAINT FOR DAMAGES

6

22.     Plaintiff is informed and believes and thereon alleges that the aforementioned incidents were caused by the deliberate indifference of the CITY OF OAKLAND, Defendants 51-100, and/or other high ranking Police Department officials and/or supervisors, with regard to the need for more or different training and/or supervision and/or discipline of its police officers, including, but not limited to, defendants KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

23.     Plaintiff is further informed and believes and thereon alleges that he, and all persons similarly situated, suffered the violation of their constitutional rights as a result of customs, policies, or practices of defendants CITY OF OAKLAND, DOES 51-100, and/or each of them, individually and/or acting in concert with one another, including, but not limited to, customs, policies or practices which encouraged, authorized or condoned false arrests, fabrication of evidence, falsification of police reports, false and/or misleading warrant affidavits and/or other misconduct which foreseeably would result in the violation of the rights of citizens.

24.     Plaintiff is further informed and believes and thereon alleges that he, and all persons similarly situated, suffered the violation of their constitutional rights as a result of customs, policies or practices of defendants CITY OF OAKLAND,  DOES 51-100, individually and/or acting in concert with one another, including, but not limited to, a custom, policy or practice of failing to stop or prevent ongoing acts of misconduct by certain members of its police department, including, but not limited to, defendant KARLA RUSH or DOE 1, DOES 2-50 and/or each of them.

25.     Plaintiff is further informed and believes and thereon alleges that he, and all persons similarly situated, suffered the violation of their constitutional rights as a result of customs, policies or practices of defendants CITY OF OAKLAND,  DOES 51-100, individually

COMPLAINT FOR DAMAGES

7

and/or acting in concert with one another, including, but not limited to, a custom, policy or practice of failing to uphold and enforce remedies that defendants already agreed to adopt to prevent such ongoing abuses by members of the CITY OF OAKLAND Police Department in the *Delphine Allen v. City of Oakland (The Riders) Litigation.*

26.     Plaintiff is further informed and believes and thereon alleges that high ranking CITY OF OAKLAND officials, including, but not limited to defendants DOES 51-100, and/or other high ranking police department officials and/or supervisors, knew and/or reasonably should have known of the custom, policies, patterns and/or practices of misconduct by the individual police officer Defendants herein, KARLA RUSH or DOE 1 and/or DOES 2-100 and/or by each of them, and failed to take any or appropriate remedial action prior to the subject incident.

27.     Plaintiff is further informed and believes and thereon alleges that defendants DOES 51-100, and/or each of them, tacitly or directly ratified, approved, condoned and/or otherwise encouraged a pattern, practice, custom or policy of misconduct and/or civil rights violations by defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff seeks class certification pursuant to Fed.R.Civ.P. 23(a) and (b)(2) to allege claims for damages, injunctive and declaratory relief on behalf of himself and all persons similarly situated.  The proposed class consists of all persons who were subjected to searches, seizures, arrests, imprisonments and/or malicious prosecutions based on false and/or misleading information contained in CITY OF OAKLAND police reports, warrant affidavits and/or other testimony and/or writings used to obtain search and/or arrest warrants from

COMPLAINT FOR DAMAGES

8

California Courts by members of the CITY OF OAKLAND Police Department since the adoption of the non-monetary settlement agreement in *Delphine Allen v. City of Oakland.*

29.     This case satisfies the prerequisites of a Rule 23(b)(2) class action.

30.     The class is so numerous that joinder of all members is impracticable. Plaintiff does not know the identities or exact number of all class members. Based on newspaper accounts, it appears that at least 12 members of the City of Oakland Police Department were pulled from street duty by the Oakland Police Department in connection with this latest scandal and the Alameda County District Attorney's Office has not yet determined the exact number of cases it intends to move to dismiss as a result of the false and/or misleading information given by Oakland Police Department officers to the Court in procuring warrants. Therefore, the size of the class is likely to be large given the number of officers involved.

31.     There are questions of law and fact common to all members of the class, because all class members have been adversely affected by the challenged actions of the defendants. Common questions of law and fact include, but are not limited to: whether defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them engaged in a custom, policy, pattern and/or practice of fabricating police reports, making false and/or misleading statements in procuring warrants from the Courts and/or otherwise causing the plaintiff and class members to be subjected to unreasonable searches and seizures, false arrests, false imprisonments and/or malicious prosecutions; whether the defendants' conduct was motivated by racial animus or bias; whether defendant CITY OF OAKLAND maintained customs, policies, patterns and practices which caused and/or contributed to the violation of the plaintiffs' rights; and whether the CITY OF OAKLAND, its police department and/or city officials and/or supervisors failed to properly

COMPLAINT FOR DAMAGES

9

train and supervise members of the CITY OF OAKLAND Police Department which caused and/or contributed to the violation of the plaintiffs' rights.

32.    The claims of the named plaintiff are typical of the claims of the class. The claims of the class members arise from the same type of conduct, customs, policies or practices that have resulted in damages to the class representatives and are based on the same legal theories.

33.    The representative plaintiff will fairly and adequately protect the interests of the class because he is, and was, subject to the policies, customs, patterns and practices complained of herein, and has no interests antagonistic to other members of the class.  In addition, plaintiff's counsel are experienced in litigating federal civil rights cases and class actions, including federal civil rights actions against the CITY OF OAKLAND and the CITY OF OAKLAND Police Department.

34.    The defendants have acted and/or have failed to act on grounds generally applicable to the class, and an award of damages, injunctive and declaratory relief for the class as a whole is appropriate.

35.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or incompatible standards of conduct for the defendants, thereby making a class action the superior method of adjudicating the controversy.

### STATEMENT OF DAMAGES AND RELIEF SOUGHT

36.    As a result of the acts and/or omissions of defendants as alleged in this Complaint, plaintiff, and those persons similarly situated, and each of them, suffered damages and/or injuries, including, but not limited to, pain, suffering and emotional distress, in amounts to be determined according to proof.

COMPLAINT FOR DAMAGES

10

37.     As a result of the acts and/or omissions of defendants as alleged in this Complaint, plaintiff, and those persons similarly situated, and each of them, suffered special damages or may suffer special damages in the future, including, but not limited to, lost wages, criminal defense attorneys' fees and costs, bail bond expenses and/or other out of pocket losses to be determined according to proof.

38.     Plaintiff and the class members will also be entitled to recover their reasonable attorneys' fees and costs in addition to their general and compensatory damages pursuant to statute.

39.     The conduct of defendant KARLA RUSH or DOE 1 and/or DOES 2-100 and/or each of them, was intentional, oppressive, malicious, fraudulent and/or done with a conscious and/or reckless disregard for the rights of the plaintiffs.  Therefore, plaintiff and the class members will be entitled to recover punitive damages in amounts to be determined according to proof.

40.     Defendants' policies, practices, customs, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to plaintiff and the class members, including but not limited to violations of their constitutional and statutory rights.  Plaintiff and class members have no plain, adequate or complete remedy at law to address the wrongs described herein.  The plaintiff and class members intend in the future to exercise their constitutional rights in the vicinity of the City of Oakland and in other public places in the City of Oakland.  Defendants' conduct described herein has created fear, anxiety and uncertainty among plaintiffs with respect to their ability to exercise their constitutional rights in the present and future, and with respect to their liberty, privacy, physical security and safety.  Defendants' conduct described herein has also created fear, anxiety and uncertainty among plaintiffs and class

COMPLAINT FOR DAMAGES

11

members with respect to their exercise of their right to move freely about the public streets, in their own homes and/or in the homes of friends and/or relatives without being subjected to unreasonable searches and seizures and/or discriminatory and disparate treatment due to their ethnicity and/or race.

41.     Plaintiff and the class therefore seek injunctive relief from this court, to ensure that plaintiff and persons similarly situated will not suffer violations of their rights from defendants' illegal and unconstitutional policies, customs and practices as described herein.

42.     An actual controversy exists between plaintiff, the class members and defendants in that plaintiff and the class contends that the policies, practices and conduct of defendants alleged herein are unlawful and unconstitutional, whereas plaintiff and the class members are informed and believe that defendants contend that said policies, practices and conduct are lawful and constitutional.  Plaintiff seeks a declaration of rights with respect to this controversy.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(42 U.S.C. SECTION 1983)**

**(AGAINST DEFENDANTS KARLA RUSH, DOES 1-50)**

43.     Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 42.

44.     In doing the acts complained of herein, defendants KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, did act under color of state law to deprive plaintiff, the class members and/or each of them as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

COMPLAINT FOR DAMAGES

12

(a) the right to be free from unreasonable searches or seizures;

(b) the right to equal protection of the law; and/or

(c) the right not to be deprived of liberty without due process of law.

45.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

46.    As a result of the violation of their constitutional rights by defendants KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, plaintiffs, the class members and/or each of them sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff and the class members pray for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. SECTION 1983)

### (AGAINST DEFENDANTS CITY OF OAKLAND, DOES 51-100)

47.    Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 46.

48.    As against Defendants CITY OF OAKLAND and/or DOES 51-100 and/or each of them, individually and/or in their capacities as official policy-maker(s) for the CITY OF OAKLAND, the plaintiff and class members further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of defendant CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as plaintiffs.

COMPLAINT FOR DAMAGES

13

49.     Plaintiff and class members are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendant CITY OF OAKLAND, DOES 51-100 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF OAKLAND police officers, which have included, but are not limited to, repeated acts of making false reports, providing false and/or misleading information in the procurement of warrants, causing arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis.

50.     Plaintiff and class members are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens, the failure to fully implement and enforce the non-monetary settlement agreement in the *Delphine Allen v. City of Oakland (the Riders) Litigation* which was intended to redress the same or similar unconstitutional conduct that occurred in the instant case, the failure to properly train and/or discipline officers, the failure to adequately or properly supervise officers, the failure to adopt and fully implement an appropriate early warning system, policies and customs which encouraged officers to target certain groups of citizens for unreasonable search and seizure and/or other customs, and/or policies which caused and/or contributed to, the violation of the rights of citizens by members of the CITY OF OAKLAND Police Department.

COMPLAINT FOR DAMAGES

14

51.     The aforementioned deliberate indifference, customs, policies or practices of defendants CITY OF OAKLAND, DOES 51-100, and/or each of them, resulted in the deprivation of the constitutional rights of the plaintiff and class members, including, but not limited to, the following:

(a) the right not to be deprived of liberty or property without Due Process of Law;

(b) the right to be free from unreasonable searches and/or seizures; and/or,

(c) the right to equal protection of the law.

52.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

53.     As a result of the violation of their constitutional rights by defendants CITY OF OAKLAND and/or DOES 51-100 and/or each of them, plaintiffs and the class members and/or each of them, sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, plaintiff and class members pray for relief as hereinafter set forth.

## JURY TRIAL DEMAND

54.     Plaintiff and class members hereby demand a jury trial.

## PRAYER

WHEREFORE, Plaintiff and class members pray for judgment against defendants, and each of them, as follows:

1.  For an order certifying the class defined herein pursuant to Fed.R.Civ.P. 23(a) and (b)(2);

2.  For preliminary and permanent injunctive relief restraining defendants from engaging in the unlawful and unconstitutional actions complained of above;

COMPLAINT FOR DAMAGES

15

3.  For a declaratory judgment that defendants' conduct complained of herein was a violation of plaintiffs' rights under the Constitution and laws of the United States and California;

4.  For the individual named plaintiffs, general and compensatory damages to be determined according to proof;

5.  For punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

6.  For attorneys' fees pursuant to 42 U.S.C. § 1988 and/or other authorities in amounts to be determined according to proof;

7.  For costs of suit;

8.  For pre- and post-judgment interest as permitted by law;

9.  For such other and further relief as the Court may deem just and proper.

### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: October 29, 2008

JOHN L. BURRIS
Attorney for Plaintiffs

Dated: October 27 2008

JAMES B. CHANIN
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

16