JOHN L. BURRIS (SBN #69888)
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
(510) 839-5200; FAX (510) 839-3882
Email: john.burris@johnburrislaw.com

JAMES B. CHANIN (SBN# 76043)
JULIE M. HOUK   (SBN# 114968)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California 94705
(510) 848-4752; FAX: (510) 848-5819
Email: jbcofc@aol.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD OLIVER; JOSEPH BATIESTE, JR.; ANTOINETTE MCCULLOUGH; DELANDRO BROWN; DANNIE CARTER, SR.; LAWRENCE GRAHAM; MESIAH SHAW; **NEDYA SHAW; GRACE FOSTER; DANNIE CARTER, JR.; NICOLE JACKSON, individually and as guardian ad litem for N.O., a minor; ANTHONY BIGGINS; RICKETA LYNN MATTHEWS; CHERYL HOPKINS; TRAVIS HOPKINS; DANIEL CASEY; HUMBERTO TORRES;** individually and on behalf of those persons similarly situated, <br><br>        Plaintiffs, <br><br> vs. <br><br> CITY OF OAKLAND; KARLA RUSH OR DOE 1, individually and in her capacity as a police officer for the City of Oakland; DOES | CASE NO: C08-04914 TEH <br><br> **SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIF** <br> **(Violation of Civil Rights,** <br> **42 U.S.C. Section 1983)** <br><br> **CIVIL RIGHTS CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

1

2-100, inclusive,                          )
                    Defendants.            )
                                           )
_____ )

## JURISDICTION

1.      This action arises under 42 U.S.C. Sections 1983.  Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2.      The claims alleged herein arose in the City of Oakland, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions.  28 U.S.C. Section 1391(b)(2).

## PARTIES

3.      Plaintiff, REGINALD OLIVER, is an African American male.

4.      Plaintiff, JOSEPH BATIESTE, JR., is an African American male.

5.      Plaintiff, ANTOINETTE MCCULLOUGH, is an African American female.

6.      Plaintiff, DELANDRO BROWN, is an African American male.

7.      Plaintiff, DANNIE CARTER, SR., is an African American male.

8.      Plaintiff, LAWRENCE GRAHAM, is an African American male.

9.      Plaintiff, MESIAH SHAW, is an African American male.

**10.      Plaintiff, NEDYA SHAW, is an African American female.**

**11.      Plaintiff, GRACE FOSTER, is an African American female.**

**12.      Plaintiff, DANNIE CARTER, JR., is an African American male.**

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

2

**13. Plaintiff, NICOLE JACKSON, is an African American female. She brings this action individually, and on behalf of her minor daughter, N.O., an African American female.**

**14. Plaintiff, ANTHONY BIGGINS, is an African American male.**

**15. Plaintiff, RICKETA LYNN MATTHEWS, is an African American female.**

**16. Plaintiff, CHERYL HOPKINS, is an African American female.**

**17. Plaintiff, TRAVIS HOPKINS, is an African American male.**

**18. Plaintiff, DANIEL CASEY, is an African American male.**

**19. Plaintiff, HUMBERTO TORRES, is an Hispanic male.**

20. Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

21. Defendant KARLA RUSH (hereinafter Defendant RUSH) or DOE 1 was at all times herein mentioned, a Police Officer for Defendant CITY OF OAKLAND and is sued herein in her individual and official capacities.

22. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe, and upon such information and belief allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents,

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

3

injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

23.     In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

24.     In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

25.     In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants herein.

### STATEMENT OF FACTS

26.     Defendant CITY OF OAKLAND and high ranking CITY OF OAKLAND officials have long been on actual notice that members of the CITY OF OAKLAND Police Department, particularly those assigned to narcotics and gang units, have repeatedly violated the constitutional rights of citizens by fabricating information in reports, providing false and/or intentionally misleading information in warrant affidavits to the Court and have otherwise caused numerous citizens to be subjected to searches, arrests, imprisonment and malicious prosecutions without probable cause.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

4

27.     Despite the fact that the City of Oakland agreed to a non-monetary settlement agreement in the case of *Delphine Allen, et al. v. City of Oakland*, USDC No. C-00-4599 TEH, otherwise known as "The Riders" litigation, which was intended to redress and prevent a recurrence of a pattern and practice of such abuses and constitutional violations by drug and gang officers in the Oakland Police Department, the CITY OF OAKLAND has repeatedly failed fully implement and enforce said settlement agreement, and worse, it now appears that numerous members of the defendant CITY OF OAKLAND's Police Department have continued to engage in customs, policies, patterns and practices of fabricating information in reports, providing false and/or intentionally misleading information in warrant affidavits to the Court and have otherwise continued to cause numerous citizens to be subjected to searches, arrests, imprisonments and malicious prosecutions without probable cause.

28.     In particular, plaintiffs are informed and believe and thereon allege that **at least eleven (11) members, if not more,** of the CITY OF OAKLAND Police Department, including, but not limited to, defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of providing false or misleading information in police reports, warrant affidavits, testimony and/or in other writings and/or verbal statements in order to cause the false arrest, false imprisonment and/or malicious prosecution of numerous individuals **and/or condoned such activities as supervisors and/or managers of said officers who engaged in said misconduct**. **As a result thereof,** the named plaintiffs, REGINALD OLIVER, JOSEPH BATIESTE, JR., ANTOINETTE MCCULLOUGH, DELANDRO BROWN, DANNIE CARTER, SR., LAWRENCE GRAHAM, MESIAH SHAW, **NEDYA SHAW; GRACE**

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

5

**FOSTER; DANNIE CARTER, JR.; NICOLE JACKSON, individually and as guardian ad litem for N.O., a minor; ANTHONY BIGGINS; RICKETA LYNN MATTHEWS; CHERYL HOPKINS; TRAVIS HOPKINS; DANIEL CASEY; HUMBERTO TORRES** and the class members described below **were subjected to the violation of their constitutional rights as a result of said acts and/or omissions by Defendants RUSH and/or DOES 2-50 and/or each of them.**

29.     Plaintiffs are further informed and believe and thereon allege that said customs, policies, patterns and/or practices are the product of a culture of tolerance in the CITY OF OAKLAND Police Department in which the end result, i.e., an arrest and/or prosecution, by any means necessary (whether lawful or unlawful) has become more important than ensuring that the Constitution and legal processes are followed by members of the Oakland Police Department.

30.     Plaintiffs are further informed and believe and thereon allege that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily African American and other minority citizens who live, visit and/or travel within Oakland neighborhoods in particular -- defendant CITY OF OAKLAND has long allowed citizens, such as the plaintiffs and the class members herein, to be abused by its police officers, including by defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or by each of them, individually and/or while acting in concert with one another.

31.     As a result of the pre-existing customs, policies, patterns and/or practices of such abuses by members of defendant CITY OF OAKLAND's Police Department, plaintiffs REGINALD OLIVER, JOSEPH BATIESTE, JR., ANTOINETTE MCCULLOUGH,

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

6

DELANDRO BROWN, DANNIE CARTER, SR., LAWRENCE GRAHAM, MESIAH SHAW, **NEDYA SHAW; GRACE FOSTER; DANNIE CARTER, JR.; NICOLE JACKSON, individually and as guardian ad litem for N.O., a minor; ANTHONY BIGGINS; RICKETA LYNN MATTHEWS; CHERYL HOPKINS; TRAVIS HOPKINS; DANIEL CASEY; HUMERTO TORRES** and the class members described in this Complaint, were subjected to the violation of their constitutional rights as alleged herein.

### PLAINTIFF REGINALD OLIVER

32.     Specifically with respect to plaintiff REGINALD OLIVER, plaintiff is informed and believes and thereon alleges that defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

33.     Thereafter, plaintiff OLIVER was subjected to an unreasonable search and seizure on or about March 8, 2008, when members of the CITY OF OAKLAND Police Department used said warrant to enter a residence located at or about 619 Douglas Avenue in Oakland, California, where the plaintiff was located.

34.     As a result of said unreasonable search and seizure, the plaintiff was arrested without reasonable or probable cause.  The plaintiff was thereafter imprisoned in jail without reasonable or probable cause until he was able to post bail. The plaintiff was thereafter

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

7

maliciously prosecuted on criminal charges in Alameda Superior Court as a direct result of the illegally obtained warrant.

35.    Eventually, on or about October 6, 2008, plaintiff is informed and believes and thereon alleges that the malicious charges were dismissed after the Alameda County District Attorney's Office discovered that the warrant was obtained illegally by defendant KARLA RUSH or DOE 1 and/or by DOES 2-50, individually and/or while acting in concert with one another.

36.    As a result of the aforementioned unreasonable search and seizure, Plaintiff OLIVER was unable to work and lost income in amounts to be determined according to proof.

37.    As a result of the aforementioned unreasonable search and seizure, Plaintiff OLIVER, suffered damages for pain, suffering and emotional distress in amounts to be determined according to proof.

**PLAINTIFFS JOSEPH BATIESTE, JR. AND ANTOINETTE MCCULLOUGH**

38.    Plaintiffs JOSEPH BATIESTE, JR. and ANTOINETTE MCCULLOUGH are informed and believe and thereon allege that defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

8

39.     Thereafter, Plaintiffs BATIESTE and/or MCCULLOUGH and/or each of them, was/were subjected to an unreasonable search and seizure on or about January 29, 2008, when members of the CITY OF OAKLAND Police Department used said warrant to enter a residence located at or about 6454 MacArthur Boulevard in Oakland, California, where the plaintiffs were located.

40.     As a result of said unreasonable search and seizure, said plaintiffs and/or each of them was/were arrested without reasonable or probable cause.  Said plaintiffs and/or each of them, was/were thereafter imprisoned in jail without reasonable or probable cause until Plaintiff BATIESTE was able to post bail and Plaintiff MCCULLOUGH was released on her own recognizance. The plaintiffs and/or each of them, are informed and believe and thereon allege that they were thereafter maliciously prosecuted on criminal charges in Alameda Superior Court as a direct result of the illegally obtained warrant.

41.     Eventually, on or about November 7, 2008, plaintiffs are informed and believe and thereon allege that the malicious charges were dismissed after the Alameda County District Attorney's Office discovered that the warrant was obtained illegally by defendant KARLA RUSH or DOE 1 and/or by DOES 2-50, individually and/or while acting in concert with one another.

42.     At the time of said unreasonable search and seizure, Plaintiff MCCULLOUGH was subjected to unreasonable and excessive force when she was thrown to the floor of her home by a CITY OF OAKLAND Police Officer (Defendant DOE 2) and suffered emotional distress and embarrassment due to the fact that her body was not completely covered by her night clothing.  Another CITY OF OAKLAND Police Officer (Defendant DOE 3)

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

9

subjected Plaintiff MCCULLOUGH to excessive force when he put his knee into the Plaintiff's back while she was on the floor.  Plaintiff MCCULLOUGH suffered additional pain, suffering and emotional distress due to the fact that the handcuffs were too tight around her wrists and interfered with the circulation in her hands and wrists.

43.     Due to his arrest and imprisonment without probable cause, Plaintiff BATIESTE was unable to work and lost income as a result thereof in amounts to be determined according to proof.

44.     As a result of the unreasonable search and seizure at the home of Plaintiff MCCULLOUGH, personal property and/or monies belonging to the Plaintiffs was damaged, destroyed and/or was taken by members of the CITY OF OAKLAND Police Department involved in the search and seizure, including, but not limited to, Defendant KARLA RUSH or DOE 1, DOES 2-50 and/or each of them.

45.     As a result of the unreasonable search and seizure stemming from the illegally obtained warrant, Plaintiff MCCULLOUGH's home was left in an unsecured state following her arrest and personal property belonging to the Plaintiff was stolen from her residence, including, but not limited to, irreplaceable photographs and mementos of Plaintiff MCCULLOUGH's deceased husband.

46.     As a further result of the unreasonable search and seizure caused by the illegally obtained warrant, Plaintiff MCCULLOUGH was forced to move from her residence and incurred special damages as a result of having to move from her home.

47.     Due to the fact that the police took $217.00 from Plaintiff BATIESTE at the time of this arrest, he was unable to pay the rental charge on a storage unit where he

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

10

maintained his tools and equipment for his employment and as a result, said tools were taken and/or disposed of by the storage company, resulting in damages to Plaintiff BATIESTE for the loss of the tools in an amount to be determined according to proof.

48.     As a result of the aforementioned unreasonable search and seizure, Plaintiffs BATIESTE and/or MCCULLOUGH and/or each of them, suffered damages for pain, suffering and emotional distress in amounts to be determined according to proof.

### PLAINTIFF DELANDRO BROWN

49.     Plaintiff DELANDRO BROWN is informed and believes and thereon alleges that defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 4-50 and/or each of them.

50.     As a result of said illegal warrant, Plaintiff DELANDRO BROWN is informed and believes and thereon alleges that on or about July 10, 2008, he was arrested without reasonable or probable cause when a car in which he was a passenger was stopped by members of the CITY OF OAKLAND Police Department (Defendants DOES 4-50 and/or each of them).

51.     Despite the fact that there was no reasonable or probable cause to arrest Plaintiff DELANDRO BROWN, Plaintiff was handcuffed and imprisoned in jail without reasonable or probable cause until he was able to post $5,000.00 in bail.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

52.     Thereafter, Plaintiff DELANDRO BROWN is informed and believes and thereon alleges that no criminal charges were filed against him as a result of this incident.  As a result, on or about September 2, 2008, Plaintiff BROWN obtained an Order from the Alameda Superior Court sealing and destroying his record of arrest as a result of this incident.

53.     As a result of the unreasonable search and seizure, Plaintiff DELANDRO BROWN incurred damages for pain, suffering and emotional distress in amounts to be determined according to proof.

54.     Following this incident, Plaintiff DELANDRO BROWN filed an Internal Affairs Complaint with Defendant CITY OF OAKLAND Police Department.  Plaintiff is informed and believes and thereon alleges that Defendant CITY OF OAKLAND has failed to take any or appropriate remedial action as a result of this incident and/or otherwise ratified, approved and/or encouraged the unreasonable searches and/or seizures by Defendants KARLA RUSH or DOE 1, DOES 4-50 and/or each of them.

**DANNIE CARTER, SR.; DANNIE CARTER, JR. and GRACE FOSTER**

55.     Plaintiffs DANNIE CARTER, SR., **DANNIE CARTER, JR., and/or GRACE FOSTER, and/or each of them are** informed and believe and thereon allege that defendant KARLA RUSH or DOE 1 and/or DOES 4-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

56.     Plaintiffs DANNIE CARTER, SR., DANNIE CARTER, JR., **and/or GRACE FOSTER and/or each of them, are** informed and believe and thereon allege that said illegally obtained warrant was issued for Apartment 6 of 1055 72nd Avenue in Oakland, California **(the residence of Plaintiff GRACE FOSTER)** based on the sworn affidavit of Defendant KARLA RUSH or DOE 1 that contained intentionally false and/or misleading statements made in bad faith.

57.     **Despite the fact that the warrant was issued specifically for Unit 6, of 1055 72nd Avenue,** Plaintiffs DANNIE CARTER, SR. **DANNIE CARTER, JR., and/or GRACE FOSTER and/or each of them, are** informed and believe and thereon allege that Defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, intentionally entered the homes of _both_ **GRACE FOSTER (Unit 6 of 1055 72nd Avenue) and** Plaintiff CARTER, SR., which was located at _Apartment 8_ of 1055 72nd Avenue in Oakland, California, on or about July 16, 2008 **based on the same warrant which Plaintiffs are informed and believe and thereon allege was based on intentionally false and/or misleading information submitted by Defendant RUSH to the Court.**

58.     **Plaintiffs are further informed and believe and thereon allege that despite entering both Units 6 and 8 of 1055 72nd Avenue with the single warrant issued for Unit 6, Defendant RUSH falsely claimed that she "mistakenly" wrote the number "6" on her warrant affidavit instead of the number "8" and that she actually intended to obtain the warrant for Unit 8.**

59.     As a result of the unreasonable search and seizure caused by Defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, Plaintiffs DANNIE

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

13

CARTER, SR., **DANNIE CARTER, JR., and/or GRACE FOSTER and/or each of them, were detained and/or** arrested without reasonable or probable cause.

60.     As a result of the unreasonable search and seizure caused by Defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, personal property of the Plaintiff**s and/or each of them,** was damaged, destroyed and/or seized by KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, during the course of the search.

61.     **During said incident, Plaintiff GRACE FOSTER further alleges that a male CITY OF OAKLAND POLICE OFFICER (DOES 2-50), kicked and stomped on her dog without any reasonable justification.**

62.     **As a result of this incident, Plaintiff GRACE FOSTER was issued a citation which was not based on probable cause and was the product of the aforesaid illegal search and seizure.  To date, Plaintiff FOSTER is informed and believes and thereon alleges that no charges have been filed against her as a result of this incident.**

63.     **As a result of this incident,** Plaintiff DANNIE CARTER, SR. was imprisoned without reasonable or probable cause from approximately July 16, 2008, until approximately October 17, 2008.  In addition, Plaintiff DANNIE CARTER, SR. is informed and believes and thereon alleges that he was maliciously prosecuted on charges stemming from the illegally obtained warrant.

64.     Thereafter, Plaintiff DANNIE CARTER, SR. is informed and believes and thereon alleges that the criminal charges were eventually dismissed and he was not convicted of having committed any crime as a result of this incident.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

14

65. **As a result of this incident, Plaintiff DANNIE CARTER, JR**. was also **arrested and imprisoned without probable cause and was subjected to a malicious prosecution and/or parole revocation proceedings as a result of the acts and/or omissions of Defendant KARLA RUSH and/or DOES 1-50 and/or each of them.  Eventually, the malicious prosecution and/or parole revocation proceedings brought against Plaintiff DANNIE CARTER, JR. as a result of the acts and/or omissions of Defendant KARLA RUSH and/or DOES 1-50 and/or each of them were dismissed and Plaintiff DANNIE CARTER, JR. was released from custody on or about December 16, 2008.**

66. As a result of the unreasonable search and seizure caused by Defendant KARLA RUSH or DOE 1 and/or DOES 4-50 and/or each of them, Plaintiff DANNIE CARTER, SR. became homeless when he was evicted from his home while he was in jail and all of his personal property that was in his home at the time of his arrest was take and/or otherwise disposed of by his landlord.   As a result of the loss of his home and personal property, Plaintiff DANNIE CARTER, SR. incurred general and special damages in amounts to be determined according to proof.

67. As a result of said unreasonable search and seizure, Plaintiff**s** DANNIE CARTER, SR., **DANNIE CARTER, JR., and/or GRACE FOSTER and/or each of them,** suffered damages, including, but not limited to, **property damage and/or property loss**, pain, suffering and emotional distress in amounts to be determined according to proof.

**PLAINTIFFS LAWRENCE GRAHAM, MESIAH SHAW AND NEDYA SHAW**

68. Plaintiffs LAWRENCE GRAHAM and/or MESIAH SHAW and/or **NEDYA SHAW** and/or each of them, are informed and believe and thereon allege that

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

15

defendant KARLA RUSH or DOE 1 and/or DOES 4-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 4-50 and/or each of them.

69.     Thereafter, Plaintiffs LAWRENCE GRAHAM and/or MESIAH SHAW **and/or NEDYA SHAW** and/or each of them was/were subjected to an unreasonable search and seizure on or about January 25, 2008, when members of the CITY OF OAKLAND Police Department used said warrant to enter a residence located at or about 1075 70th Avenue in Oakland, California, where the plaintiffs were located.

70.     As a result of said unreasonable search and seizure, the plaintiffs were handcuffed and detained without reasonable or probable cause during the search of the premises. Thereafter, plaintiff MESIAH SHAW was arrested and imprisoned in jail as a result of the aforesaid illegal warrant.  Eventually, Plaintiff MESIAH SHAW was released from jail and was never convicted of any criminal charges as result of this incident.

71.     Subsequently, Plaintiffs are informed and believe and thereon allege that Defendant KARLA RUSH or DOE 1 and/or DOES 4-50 issued a letter to the owner of 1075 70th Avenue, Oakland, California, on or about April 15, 2008, threatening to impose fines and penalties against her by falsely alleging that the Plaintiffs and/or each of them, were using the premises for drug trafficking, even though no evidence of illegal drugs was found at the premises during the course of the January 25, 2008 unreasonable search and seizure.  As a result thereof,

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

16

Plaintiff LAWRENCE GRAHAM **and/or NEDYA SHAW** and/or each of them was forced to move out of the premises and suffered general and special damages as a result thereof.

72.     As a result of the aforementioned unreasonable search and seizure, Plaintiffs and/or each of them, suffered damages for pain, suffering and emotional distress, **property damage, displacement from their home and/or other damages** in amounts to be determined according to proof.

### PLAINTIFFS NICOLE JACKSON, N.O., A MINOR, AND ANTHONY BIGGINS
### (Incident No. 1 occurring on or about January 25, 2008)

**73.     Plaintiff NICOLE JACKSON is informed and believes and thereon alleges that defendant KARLA RUSH or DOE 1 and/or DOES 4-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 2-50 and/or each of them.**

**74.     Thereafter, Plaintiff NICOLE JACKSON was subjected to an unreasonable search and seizure on or about January 25, 2008, when members of the CITY OF OAKLAND Police Department used said warrant to enter her residence located at or about 7979 MacArthur Blvd, Apt. 5, in Oakland, California.**

**75.     As a result of said unreasonable search and seizure, Plaintiff NICOLE JACKSON was arrested without reasonable or probable cause.  Plaintiff JACKSON was thereafter imprisoned in jail without reasonable or probable cause until she was able to post bail.**

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

17

76.     Plaintiff is informed and believes and thereon alleges that she was thereafter maliciously prosecuted on criminal charges in Alameda Superior Court as a direct result of the illegally obtained warrant.

77.     Eventually, on or about December 23, 2008, plaintiff is informed and believes and thereon alleges that the malicious charges were dismissed after the Alameda County District Attorney's Office discovered that the warrant was obtained illegally by defendant KARLA RUSH or DOE 1 and/or by DOES 2-50, individually and/or while acting in concert with one another.  Plaintiff JACKSON was thereafter released from custody on or about December 24, 2008.

78.     As a result of the aforementioned unreasonable search and seizure, Plaintiff NICOLE JACKSON incurred damages, including, but not limited to, bail expenses, pain, suffering and emotional distress in amounts to be determined according to proof.

**(Incident No. 2 occurring on or about May 8, 2008)**

79.     Plaintiffs NICOLE JACKSON, N.O., a Minor, ANTHONY BIGGINS and/or each of them, are informed and believe and thereon allege that defendant KARLA RUSH or DOE 1 and/or DOES 4-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused warrants to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

18

80.     Thereafter, Plaintiffs NICOLE JACKSON, N.O., a Minor, ANTHONY BIGGINS and/or each of them, were subjected to an unreasonable search and seizure on or about May 8, 2008, when members of the CITY OF OAKLAND Police Department used said warrants to enter Plaintiff JACKSON'S residence, located at or about 7979 MacArthur Blvd, Apt. 5, in Oakland, California, the residence where her minor daughter, Plaintiff, N.O., was located at or about 7975 MacArthur Blvd., Apt. 28, Oakland, California.

81.     As a result of said unreasonable search and seizure, Plaintiffs NICOLE JACKSON and/or ANTHONY BIGGINS were subjected to an unreasonable search and seizure at 7979 MacArthur Blvd., Apt. 5, Oakland, California, without reasonable or probable cause.  Plaintiff JACKSON's minor daughter, N.O., who was located at 7975 MacArthur Blvd., Apt. 28 was also subjected to an unreasonable search and seizure.  The minor was detained, but not arrested.

82.     During said unreasonable search and seizure, Plaintiff ANTHONY BIGGINS was subjected to excessive force which included, but was not limited to, knocking him to the floor, having an officer jam a knee into his back and causing Plaintiff BIGGINS to have difficulty breathing.

83.     Plaintiffs NICOLE JACKSON and/or ANTHONY BIGGINS were arrested as a result of the illegally obtained warrant.

84.     As a result of her imprisonment on said false charges, Plaintiff NICOLE JACKSON was terminated from her job.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

19

85. Eventually, on or about December 23, 2008, Plaintiff JACKSON is informed and believes and thereon alleges that the malicious charges against Plaintiff were dismissed after the Alameda County District Attorney's Office discovered that the warrant was obtained illegally by defendant KARLA RUSH or DOE 1 and/or by DOES 2-50, individually and/or while acting in concert with one another.  Plaintiff JACKSON was thereafter released from custody on or about December 24, 2008.

86. As a result of the aforementioned unreasonable search and seizure, Plaintiffs NICOLE JACKSON, N.O., a minor, and/or ANTHONY BIGGINS, incurred damages, including, but not limited to, bail expenses, pain, suffering and/or emotional distress in amounts to be determined according to proof.

## PLAINTIFF RICKETA LYNN MATTHEWS

87. Plaintiff  RICKETA LYNN MATTHEWS is informed and believes and thereon alleges that defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

88. Thereafter, Plaintiff MATTHEWS was subjected to an unreasonable search and seizure on or about December 23, 2007, when members of the CITY OF OAKLAND Police Department used said illegally obtained warrant to enter the residence of her boyfriend, which was located at 952 72nd Avenue Apt B, Oakland, California.  The

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

Plaintiff was at the premises at that time to deliver a Christmas gift to her boyfriend and did not reside at that premises.

89.    Defendant KARLA RUSH and other members of the CITY OF OAKLAND Police Department, DOES 2-50 and/or each of them, entered the premises with their guns drawn.  Defendant RUSH ordered other officers (DOES 2-50) to handcuff Plaintiff MATTHEWS.

90.    Defendant RUSH demanded that Plaintiff MATTHEWS provide her with information concerning criminal activities.  When Plaintiff MATTHEWS attempted to explain to Defendant RUSH that she did not have the information Defendant RUSH was seeking, Defendant RUSH called her "liar" and told her that she would be spending Christmas and New Year's in jail.

91.    After Plaintiff MATTHEWS was put into an Oakland Police car, Defendant RUSH told Plaintiff MATTHEWS that she had "one more chance" to tell her the truth.  When Plaintiff MATTHEWS told Defendant RUSH she had no information to provide her, Defendant RUSH ordered that the Plaintiff be arrested and falsely charged with crimes, including, but not limited to, a false firearms charge.

92.    Although Defendant RUSH was aware that Plaintiff had identification with her that indicated that she did not live at the address that was the subject of the search warrant, and was only visiting the premises as a guest, Defendant RUSH ordered another Oakland Police Officer (DOES 2-50) to write the location of the search as the Plaintiff's address on the police report of the incident, rather than her correct residence address shown on her identification.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

21

93.     During the course of this incident, Defendant RUSH also ordered another Oakland Police Officer (DOES 2-50) to search Plaintiff MATTHEWS.  At that time, Plaintiff MATTHEWS had cash in her pant's pocket and in her purse totaling approximately $478.00 from funds she had earned at her job.  This money and the Plaintiff's purse were taken by the police and were never returned to the Plaintiff.

94.     Thereafter, Plaintiff MATTHEWS, who had no criminal record before this incident, was put into a paddy wagon and taken to Santa Rita Jail where she was imprisoned without reasonable or probable cause to believe that she had committed any crime.  The Plaintiff remained in jail through Christmas and New Year's until she was able to post bail and was released on or about January 11, 2008.

95.     Plaintiff MATTHEWS is informed and believes and thereon alleges that she was subjected to malicious prosecution in which she was falsely charged with crimes, including firearm and narcotics offenses, as a result of the false and malicious claims of Defendant RUSH.

96.     During a preliminary hearing in the criminal proceedings, Plaintiff MATTHEWS is informed and believes and thereon alleges that Defendant RUSH gave intentionally false testimony about the Plaintiff in furtherance of the false and malicious prosecution of the Plaintiff.

97.     Fearing that she would face a long period of imprisonment if convicted as a result of Defendant RUSH's false and malicious claims, Plaintiff initially agreed to accept a plea agreement on or about May 14, 2008 to avoid the possibility of serving additional jail time.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

22

98.      However, Plaintiff MATTHEWS returned to Court on or about November 10, 2008, and was advised that the Alameda County District Attorney's Office agreed to dismiss her criminal charges due Defendant RUSH's misconduct.

99.      As a result of this incident, Plaintiff MATTHEWS incurred damages, including, but not limited to, lost wages in amounts to be determined according to proof, bail expenses in amounts to be determined according to proof, the loss of cash, her purse and the contents of her purse, and pain, suffering and emotional distress in amounts to be determined according to proof.

**PLAINTIFFS CHERYL HOPKINS, TRAVIS HOPKINS and DANIEL CASEY**

100.      Plaintiffs CHERYL HOPKINS, TRAVIS HOPKINS, DANIEL CASEY and/or each of them,  are informed and believe and thereon allege that Defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

101.      Thereafter, Plaintiffs CHERYL HOPKINS, TRAVIS HOPKINS, DANIEL CASEY and/or each of them, were subjected to an unreasonable search and seizure on or about June 20, 2008, when members of the CITY OF OAKLAND Police Department used said warrant to enter Plaintiffs' residence located at or about 2218 64th Avenue, Oakland, California.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

23

102.   Plaintiffs are also informed and believe and thereon allege that Defendant RUSH and/or DOES 2-50 and/or each of them, obtained this warrant in retaliation for an earlier incident in which Plaintiff CHERYL HOPKINS, who had no criminal record, exercised her First Amendment right to freedom of speech when she criticized how Defendant RUSH handled a motor vehicle investigation involving Plaintiff TRAVIS HOPKINS.

103.   During the course of the incident, Defendant RUSH and/or DOES 2-50 and/or each of them, entered the Plaintiffs' residence in the early morning hours of June 20, 2008, with their guns drawn and pointed at Plaintiffs.

104.   Plaintiff TRAVIS HOPKINS was subjected to excessive force by a CITY OF OAKLAND Police Officer (DOES 2-50) when he was struck in the face and knocked to the floor without justification.

105.   Plaintiff DANIEL CASEY was awakened from his bed at gunpoint by officers, was thrown onto the floor and handcuffed by DOES 2-50 and/or each of them.

106.   The Plaintiffs were handcuffed and detained initially in the living room of their home as the officers searched their home without reasonable or probable cause.

107.   Plaintiff CHERYL HOPKINS was not allowed by the officers to use the restroom and, as a result, soiled herself and was humiliated.

108.   During the course of the search, Plaintiffs' personal property was damaged and/or destroyed unnecessarily by Defendants RUSH and/or DOES 2-50 and/or each of them.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

24

109.    Plaintiff CHERYL HOPKINS, who was disabled and had never been arrested before, was taken out of her home in handcuffs in her bedclothes and put into an Oakland Police vehicle without reasonable or probable cause to believe that she committed any crime.

110.    Plaintiff TRAVIS HOPKINS was also arrested as a result of the illegally obtained warrant without probable cause.

111.    Plaintiff DANIEL CASEY was also arrested as a result of the illegally obtained warrant without probable cause.

112.    Plaintiffs CHERYL HOPKINS, TRAVIS HOPKINS and DANIEL CASEY were initially taken to the Eastmont Substation.  Plaintiff CASEY was released from the Eastmont substation and no charges were filed against him.  Plaintiffs CHERYL HOPKINS and TRAVIS HOPKINS were then transported to Santa Rita Jail.  Said Plaintiffs were stripped searched and booked into custody.

113.    Plaintiffs CHERYL HOPKINS and TRAVIS HOPKINS were eventually released from custody when they were able to post bail.

114.    No criminal charges were filed against Plaintiff CHERYL HOPKINS or DANIEL CASEY as a result of this incident.

115.    Plaintiff TRAVIS HOPKINS is informed and believes and thereon alleges that Defendant RUSH caused him to be maliciously prosecuted in Alameda Superior Court as a result of this incident.  Eventually, however, the criminal charges against Plaintiff TRAVIS HOPKINS were dismissed as a result of Defendant RUSH's misconduct in obtaining the illegal warrant for the Plaintiffs' home.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

116.   Following this incident, Plaintiffs are informed and believe and thereon allege that Defendant RUSH and/or DOES 2-50 and/or each of them, attempted to have the CITY OF OAKLAND declare Plaintiffs' home as a public nuisance.  This caused Plaintiffs to suffer additional emotional distress because of the fear they could lose their home due to Defendant RUSH's misconduct.

117.   As a result of this incident, Plaintiffs and/or each of them, incurred damages, including, but not limited to pain, suffering and emotional distress, personal property damage and/or loss and/or lost wages (Plaintiff TRAVIS HOPKINS) in amounts to be determined according to proof.

## PLAINTIFF HUMBERTO TORRES

118.   Plaintiff HUMBERTO TORRES is informed and believes and thereon alleges that defendant KARLA RUSH or DOE 1 and/or DOES 4-50 and/or each of them, individually and/or while acting in concert with one another as members of the CITY OF OAKLAND Police Department, caused a warrant to be issued by the Alameda Superior Court without probable cause, based on intentionally false and/or misleading statements made in bad faith by defendant RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

119.   Thereafter, Plaintiff HUMBERTO TORRES was subjected to an unreasonable search and seizure on or about July 18, 2008, when members of the CITY OF OAKLAND Police Department, including, but not limited to, Defendant RUSH and/or DOES 2-50 and/or each of them, used said warrant to enter his residence located at or about 1089 69th Avenue; Oakland, California.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

26

120.     When the officers entered the Plaintiff's home, they had their guns drawn and pointed at the Plaintiff.   Plaintiff TORRES was ordered to lay on the floor and was handcuffed.  Later, Plaintiff was taken outside of his home, wearing only boxer shorts, and put into an Oakland Police car.

121.     Plaintiff TORRES was arrested without reasonable or probable cause as a result of the illegally obtained warrant and was taken to Santa Rita Jail.

122.     As a result of this incident, Plaintiff's probation was revoked and he was incarcerated for approximately 150 days on the probation violation.  Eventually, the Plaintiff was released from custody and his probation was restored when the Alameda County District Attorney's Office discovered Defendant RUSH's misconduct and moved to dismiss the charges against the Plaintiff.

123.     As a result of this incident, Defendant RUSH also attempted to have the Plaintiff's home declared a nuisance by the CITY OF OAKLAND.  This resulted in causing additional emotional distress to the Plaintiff.

124.     As a result of the aforementioned unreasonable search and seizure, Plaintiff TORRES incurred damages, including, but not limited to, lost wages, pain, suffering and emotional distress in amounts to be determined according to proof.

### AS TO ALL NAMED PLAINTIFFS AND THE CLASS

125.     Plaintiffs are further informed and believe and thereon allege that Plaintiffs, and all persons similarly situated, suffered the violation of their constitutional rights as a result of customs, policies, patterns and/or practices of Defendant CITY OF OAKLAND,

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

27

DOES 51-100, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Oakland Police Department, including, but not limited to, defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

126.   Plaintiffs are further informed and believe and thereon allege that they, and all persons similarly situated to them, suffered the violation of their constitutional rights as alleged herein as a result of customs, policies and/or practices of defendants CITY OF OAKLAND,  DOES 51-100, and/or each of them, including customs, policies and/or practices of failing to fully and/or fairly investigate complaints of misconduct against its police officers; of failing to appropriately monitor or otherwise track complaints of misconduct against its police officers so that appropriate and timely disciplinary action and/or training could be taken when officer(s) were shown to have a history of complaints; and/or of failing to promptly remove or terminate officers who repeatedly violated the rights of citizens and/or engaged in the type of misconduct alleged herein.

127.   Plaintiffs are informed and believe and thereon allege that the aforementioned incidents were caused by the deliberate indifference of the CITY OF OAKLAND, Defendants 51-100, and/or other high ranking Police Department officials and/or supervisors, with regard to the need for more or different training and/or supervision and/or discipline of its police officers, including, but not limited to, defendants KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

128.   Plaintiffs are further informed and believe and thereon allege that they, and all persons similarly situated, suffered the violation of their constitutional rights as a result of

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

28

customs, policies, or practices of defendants CITY OF OAKLAND, DOES 51-100, and/or each

of them, individually and/or acting in concert with one another, including, but not limited to,

customs, policies or practices which encouraged, authorized or condoned false arrests,

fabrication of evidence, falsification of police reports, false and/or misleading warrant affidavits

and/or other misconduct which foreseeably would result in the violation of the rights of citizens.

129.     Plaintiffs are further informed and believe and thereon allege that they,

and all persons similarly situated, suffered the violation of their constitutional rights as a result of

customs, policies or practices of defendants CITY OF OAKLAND,  DOES 51-100, individually

and/or acting in concert with one another, including, but not limited to, a custom, policy or

practice of failing to stop or prevent ongoing acts of misconduct by certain members of its police

department, including, but not limited to, defendant KARLA RUSH or DOE 1, DOES 2-50

and/or each of them.

130.     Plaintiffs are further informed and believe and thereon allege that they,

and all persons similarly situated, suffered the violation of their constitutional rights as a result of

customs, policies or practices of defendants CITY OF OAKLAND,  DOES 51-100, individually

and/or acting in concert with one another, including, but not limited to, a custom, policy or

practice of failing to uphold and enforce remedies that defendants already agreed to adopt to

prevent such ongoing abuses by members of the CITY OF OAKLAND Police Department in the

*Delphine Allen v. City of Oakland (The Riders) Litigation.*

131.     Plaintiffs are further informed and believe and thereon allege that high

ranking CITY OF OAKLAND officials, including, but not limited to defendants DOES 51-100,

and/or other high ranking police department officials and/or supervisors, knew and/or reasonably

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

should have known of the custom, policies, patterns and/or practices of misconduct by the

individual police officer Defendants herein, KARLA RUSH or DOE 1 and/or DOES 2-100

and/or by each of them, and failed to take any or appropriate remedial action prior to the subject

incident.

132.   Plaintiffs are further informed and believe and thereon allege that

defendants DOES 51-100, and/or each of them, tacitly or directly ratified, approved, condoned

and/or otherwise encouraged a pattern, practice, custom or policy of misconduct and/or civil

rights violations by defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them.

## CLASS ACTION ALLEGATIONS

133.   Plaintiffs seek class certification pursuant to Fed.R.Civ.P. 23(a) and (b)(2)

to allege claims for damages, injunctive and declaratory relief on behalf of himself and all

persons similarly situated.  The proposed class consists of all persons who were subjected to

searches, seizures, arrests, imprisonments and/or malicious prosecutions based on false and/or

misleading information contained in CITY OF OAKLAND police reports, warrant affidavits

and/or other testimony and/or writings used to obtain search and/or arrest warrants from

California Courts by members of the CITY OF OAKLAND Police Department since the

adoption of the non-monetary settlement agreement in *Delphine Allen v. City of Oakland.*

134.   This case satisfies the prerequisites of a Rule 23(b)(2) class action.

135.   The class is so numerous that joinder of all members is impracticable.

Plaintiffs do not know the identities or exact number of all class members.  Based on newspaper

accounts, it appears that at least 1**1** members of the City of Oakland Police Department were

pulled from street duty by the Oakland Police Department in connection with this latest scandal

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

and the Alameda County District Attorney's Office has not yet determined the exact number of cases it intends to move to dismiss as a result of the false and/or misleading information given by Oakland Police Department officers to the Court in procuring warrants. Therefore, the size of the class is likely to be large given the number of officers involved.

136.    There are questions of law and fact common to all members of the class, because all class members have been adversely affected by the challenged actions of the defendants. Common questions of law and fact include, but are not limited to: whether defendant KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them engaged in a custom, policy, pattern and/or practice of fabricating police reports, making false and/or misleading statements in procuring warrants from the Courts and/or otherwise causing the plaintiff and class members to be subjected to unreasonable searches and seizures, false arrests, false imprisonments and/or malicious prosecutions; whether the defendants' conduct was motivated by racial animus or bias, whether defendant CITY OF OAKLAND maintained customs, policies, patterns and practices which caused and/or contributed to the violation of the plaintiffs' rights; and whether the CITY OF OAKLAND, its police department and/or city officials and/or supervisors failed to properly train and supervise members of the CITY OF OAKLAND Police Department which caused and/or contributed to the violation of the plaintiffs' rights.

137.    The claims of the named plaintiffs are typical of the claims of the class. The claims of the class members arise from the same type of conduct, customs, policies or practices that have resulted in damages to the class representatives and are based on the same legal theories.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

31

138.    The representative plaintiffs will fairly and adequately protect the interests of the class because they are, and were, subject to the policies, customs, patterns and practices complained of herein, and have no interests antagonistic to other members of the class.  In addition, plaintiffs' counsel are experienced in litigating federal civil rights cases and class actions, including federal civil rights actions against the CITY OF OAKLAND and the CITY OF OAKLAND Police Department.

139.    The defendants have acted and/or have failed to act on grounds generally applicable to the class, and an award of damages, injunctive and declaratory relief for the class as a whole is appropriate.

140.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or incompatible standards of conduct for the defendants, thereby making a class action the superior method of adjudicating the controversy.

**STATEMENT OF DAMAGES AND RELIEF SOUGHT**

141.    As a result of the acts and/or omissions of defendants as alleged in this Complaint, plaintiffs, and those persons similarly situated, and each of them, suffered damages and/or injuries, including, but not limited to, pain, suffering and emotional distress, in amounts to be determined according to proof.

142.    As a result of the acts and/or omissions of defendants as alleged in this Complaint, plaintiffs, and those persons similarly situated, and each of them, suffered special damages or may suffer special damages in the future, including, but not limited to, lost wages, criminal defense attorneys' fees and costs, bail bond expenses, loss of their home(s), relocation

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

expenses, damage or loss of personal property and/or other out of pocket losses to be determined according to proof.

143.   Plaintiffs and the class members will also be entitled to recover their reasonable attorneys' fees and costs in addition to their general and compensatory damages pursuant to statute.

144.   The conduct of defendant KARLA RUSH or DOE 1 and/or DOES 2-100 and/or each of them, was intentional, oppressive, malicious, fraudulent and/or done with a conscious and/or reckless disregard for the rights of the plaintiffs.  Therefore, plaintiffs and the class members will be entitled to recover punitive damages in amounts to be determined according to proof.

145.   Defendants' policies, practices, customs, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to plaintiffs and the class members, including but not limited to violations of their constitutional and statutory rights.  Plaintiffs and class members have no plain, adequate or complete remedy at law to address the wrongs described herein.  The plaintiffs and class members intend in the future to exercise their constitutional rights in the vicinity of the City of Oakland and in other public places in the City of Oakland.  Defendants' conduct described herein has created fear, anxiety and uncertainty among plaintiffs with respect to their ability to exercise their constitutional rights in the present and future, and with respect to their liberty, privacy, physical security and safety.  Defendants' conduct described herein has also created fear, anxiety and uncertainty among plaintiffs and class members with respect to their exercise of their right to move freely about the public streets, in their own homes and/or in the homes of friends and/or relatives without being subjected to

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

33

unreasonable searches and seizures and/or discriminatory and disparate treatment due to their ethnicity and/or race.

146.     Plaintiffs and the class therefore seek injunctive relief from this court, to ensure that plaintiffs and persons similarly situated will not suffer violations of their rights from defendants' illegal and unconstitutional policies, customs and practices as described herein.

147.     An actual controversy exists between plaintiffs, the class members and defendants in that plaintiffs and the class contends that the policies, practices and conduct of defendants alleged herein are unlawful and unconstitutional, whereas plaintiffs and the class members are informed and believe that defendants contend that said policies, practices and conduct are lawful and constitutional.  Plaintiffs seek a declaration of rights with respect to this controversy.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(42 U.S.C. SECTION 1983)**

**(AGAINST DEFENDANTS KARLA RUSH, DOES 1-50)**

148.     Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through **147.**

149.     In doing the acts complained of herein, defendants KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, did act under color of state law to deprive plaintiffs, the class members and/or each of them as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

(a) the right to be free from unreasonable searches or seizures;

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

34

(b) the right to equal protection of the law; and/or

(c) the right not to be deprived of liberty without due process of law.

150.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

151.     As a result of the violation of their constitutional rights by defendants KARLA RUSH or DOE 1 and/or DOES 2-50 and/or each of them, plaintiffs, the class members and/or each of them sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiffs and the class members pray for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

## (42 U.S.C. SECTION 1983)

## (AGAINST DEFENDANTS CITY OF OAKLAND, DOES 51-100)

152.     Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through **150**.

153.     As against Defendants CITY OF OAKLAND and/or DOES 51-100 and/or each of them, individually and/or in their capacities as official policy-maker(s) for the CITY OF OAKLAND, the plaintiffs and class members further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of defendant CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as plaintiffs.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

35

154.     Plaintiffs and class members are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendant CITY OF OAKLAND, DOES 51-100 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF OAKLAND police officers, which have included, but are not limited to, repeated acts of making false reports, providing false and/or misleading information in the procurement of warrants, causing arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis.

155.     Plaintiffs and class members are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens, the failure to fully implement and enforce the non-monetary settlement agreement in the *Delphine Allen v. City of Oakland (the Riders) Litigation* which was intended to redress the same or similar unconstitutional conduct that occurred in the instant case, the failure to properly train and/or discipline officers, the failure to adequately or properly supervise officers, the failure to adopt and fully implement an appropriate early warning system, policies and customs which encouraged officers to target certain groups of citizens for unreasonable search and seizure and/or other customs, and/or policies which caused and/or contributed to, the violation of the rights of citizens by members of the CITY OF OAKLAND Police Department.

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

156.   The aforementioned deliberate indifference, customs, policies or practices of defendants CITY OF OAKLAND, DOES 51-100, and/or each of them, resulted in the deprivation of the constitutional rights of the plaintiffs and class members, including, but not limited to, the following:

(a) the right not to be deprived of liberty or property without Due Process of Law;

(b) the right to be free from unreasonable searches and/or seizures; and/or,

(c) the right to equal protection of the law.

157.   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

158.   As a result of the violation of their constitutional rights by defendants CITY OF OAKLAND and/or DOES 51-100 and/or each of them, plaintiffs and the class members and/or each of them, sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, plaintiffs and class members pray for relief as hereinafter set forth.

## JURY TRIAL DEMAND

159.   Plaintiffs and class members hereby demand a jury trial.

## PRAYER

WHEREFORE, Plaintiffs and class members pray for judgment against defendants, and each of them, as follows:

1.  For an order certifying the class defined herein pursuant to Fed.R.Civ.P. 23(a) and (b)(2);

SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH

37

2.  For preliminary and permanent injunctive relief restraining defendants from engaging in the unlawful and unconstitutional actions complained of above;

3.  For a declaratory judgment that defendants' conduct complained of herein was a violation of plaintiffs' rights under the Constitution and laws of the United States and California;

4.  For the individual named plaintiffs, general, special and compensatory damages to be determined according to proof;

5.  For punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

6.  For attorneys' fees pursuant to 42 U.S.C. § 1988 and/or other authorities in amounts to be determined according to proof;

7.  For costs of suit;

8.  For pre- and post-judgment interest as permitted by law;

9.  For such other and further relief as the Court may deem just and proper.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.


Dated: February 6, 2009              _____/S/_____
                                     JOHN L. BURRIS
                                     Attorney for Plaintiffs

Dated: February 6, 2009              _____/S/_____
                                     JAMES B. CHANIN
                                     Attorney for Plaintiffs


SECOND AMENDED COMPLAINT

CASE NO. C08-04914 TEH