1  JOHN L. BURRIS (SBN #69888)
   LAW OFFICES OF JOHN L. BURRIS
2  7677 Oakport Street, Suite 1120
   Oakland, California  94621
3  (510) 839-5200; FAX (510) 839-3882
   Email: john.burris@johnburrislaw.com
4
   JAMES B. CHANIN (SBN# 76043)
5  JULIE M. HOUK   (SBN# 114968)
   Law Offices of James B. Chanin
6  3050 Shattuck Avenue
   Berkeley, California  94705
7  (510) 848-4752; FAX: (510) 848-5819
   Email: jbcofc@aol.com
8

9  Attorneys for Plaintiffs
   REGINALD OLIVER, et al.
10
   (ADDITIONAL COUNSEL ON
11 NEXT PAGE)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al., | MASTER CASE NO:  C00-4599 TEH<br>OLIVER CASE NO:    C08-04914 TEH<br>JACKSON CASE NO: C08-4984 TEH |
| Plaintiffs, | |
| CITY OF OAKLAND, et al., | **JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT** |
| Defendants. | Date:  9/13/10<br>Time:  1:30 p.m.<br>The Hon. Thelton E. Henderson |
| REGINALD OLIVER, et al., | |
| Plaintiffs, | |
| vs. | |
| CITY OF OAKLAND, et al., | |

{00819807.PDF}JOINT FURTHER CMC STATEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

1

| | |
|---|---|
| HAROLD JACKSON, et al., | ) |
|              Plaintiffs, | ) |
| v. | ) |
| CITY OF OAKLAND, et al., | ) |
|              Defendants. | ) |

ADDITIONAL COUNSEL:

NICOLE HODGE (SBN 215157)
PO Box 5100
Oakland, California 94605
(510) 569-3666
Email: hodgend@aol.com

Attorney for Plaintiffs, HAROLD JACKSON AND VEODIES WORKS

JOHN A. RUSSO, City Attorney, SBN 129729
RANDOLPH W. HALL, Assistant City Attorney, SBN 080142
One Frank J. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3865; FAX (510) 238-6500
Email: rhall@oaklandcityattorney.org

Attorneys for Defendant CITY OF OAKLAND

TERENCE J. CASSIDY (SBN #99180)
ASHLEY M. WISNIEWSKI (SBN #264601)
KIMBERLY L. KAKAVAS (SBN #264642)
PORTER SCOTT
350 UNIVERSITY Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 929-1481
Fax: (916) 927-3706
Email: tcassidy@porterscott.com

Attorneys for Defendant CITY OF OAKLAND

# FURTHER JOINT CASE MANAGEMENT STATEMENT

Pursuant to this Court's Civil Local Rule 16.10(d), the parties jointly submit this Further Case Management Statement to update the information previously provided to the Court at the time of the previous Case Management Conference:

**1. Summary of the Parties' Current Positions**

**A. As to the *Oliver, et al. v. City of Oakland* action:**

The parties have settled the monetary relief claims of the *Oliver, et al*. Putative Class Member Plaintiffs who were identified in the Stipulated Motion for Approval of the Settlement. Defendants have paid the monetary settlement funds to Plaintiffs' counsel and the funds are now being distributed to the Plaintiffs.

The parties, however, have not yet settled the Putative Class Members' non-monetary relief claims. Although counsel for the parties had some productive discussions concerning non-monetary relief, Defendant City of Oakland has not yet committed to any specific settlement of the non-monetary relief claims and has not committed to any specific set of reforms to ensure that the conduct that led to the numerous illegal searches in this case is not repeated.

Based on the information obtained to date in discovery, there is a direct connection between the failure of the City of Oakland to implement and enforce its own policies as well as reforms mandated by the Non-Monetary Settlement Agreement in the prior *Riders* litigation and the instant warrant scandal. As part of the settlement in the Riders Litigation, the City of Oakland agreed to a Non-Monetary Settlement Agreement (hereinafter, NSA) which required that the OPD adopt a number of reforms aimed at preventing the kinds of abuses that occurred in this case. Since the adoption of the NSA, however, the City of

Oakland, has been unable to fully implement the NSA and the warrant scandal is prime example of this failure.

One glaring example of the failure of the OPD to enforce its own regulations is shown by the evidence that the City of Oakland Police Department allowed both subordinate officers and supervisors alike to wholly disregard the requirements of Department General Order O-4 (DGO-04), a policy designed to manage and supervise the use of confidential informants in narcotics investigations.

Although the Independent Monitoring Team (IMT) appointed by the District Court to supervise the implementation of the Non-Monetary Settlement Agreement in the *Riders* Litigation expressed reservations concerning certain provisions of this General Order, the OPD nevertheless adopted General Order O-4 which did not include many of the revisions proposed by the IMT.  Even then, the City of Oakland failed to enforce numerous provisions of this Order relating to the use of confidential informants in narcotics investigations, resulting in numerous "bad" search warrants obtained by officers involved in alleged buys by confidential informants.

Although former OPD Chief, Wayne Tucker, ordered that a six month evaluation of this policy occur after December 27, 2007, and certain audits were also required in the policy itself, these auditing requirements were all but ignored until after this case was filed.

Based on the information supplied by the City of Oakland to date, it appears that only **one such audit** ever took place and that occurred in February 2009, long after the six month deadline ordered by Chief Tucker expired.  Even when the audit was finally conducted in February 2009, it was discovered that the OPD supervisors and subordinates alike routinely violated the requirements of General Order O-4.  Despite the violation of the audit deadline

1  and the abject failure of the OPD to enforce this policy, the City of Oakland admitted in an
2  interrogatory response that not a single OPD supervisor or line officer had been disciplined
3  for their failure to enforce or follow this policy.  Since that time, the City of Oakland has not
4  produced any evidence showing that it has done anything to ensure compliance with this
5  policy, that the audits required by the policy have been performed or that any subordinate
6  officers or supervisors have been disciplined for their failure to abide by this policy.

7  Although the City of Oakland also adopted a new written policy concerning search
8  warrants since the instant scandal broke and this lawsuit was filed, the policy did not contain
9  any mechanism to ensure that supervisors, who are now charged with the responsibility of
10 reviewing every warrant affidavit, are carrying out this duty.  Given the OPD's dismal failure
11 to comply with the Informant policy requirements (DG0 0-4) and the Department's inability
12 to fully comply with the *Riders* case reforms to this day notwithstanding Federal Court
13 oversight, Plaintiffs doubt that there is full compliance with the new warrant policy, either by
14 line officers or supervisors.

15 This failure to hold police supervisors and managers accountable is reminiscent of the
16 prior *Riders'* litigation, where the OPD failed to hold police department managers responsible
17 for the pattern and practice of civil rights violations committed by their subordinates.  Just as
18 in the *Riders*' case, where the officers' criminal attorneys successfully argued to a jury that
19 the officers were poorly trained and supervised and should not be held criminally accountable
20 for their own conduct, 7 of the 11 officers recommended for termination by the OPD for their
21 false and misleading warrant affidavits have had their terminations rescinded because they
22 were able to successfully argue that they should not be held accountable for their own actions
23 which they contended were the product of poor training and/or poor supervision.

24

{00819807.PDF}JOINT FURTHER CMC STATEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

1    Nevertheless, OPD supervisors continue to escape discipline for their failure to
2 properly supervise their subordinates and enforce policies aimed at stemming systemic civil
3 rights abuses which continue to occur at the hands of OPD officers.

4    Based on the foregoing, Plaintiffs' counsel believe that non-monetary relief is
5 absolutely necessary to ensure that the deficient policies, training and supervision that led to
6 the numerous constitutional violations in this case are remedied to prevent ongoing violations
7 of the rights of citizens in Oakland.

8    Counsel for the *Oliver, et al.* Plaintiffs respectfully ask that the Court set a trial date on
9 the non-monetary relief issues.  Hopefully, Court imposed deadlines for a trial on the non-
10 monetary relief issues will help to motivate the Defendants to finalize a non-monetary relief
11 settlement in this case.

12   **B.  As to Defendant City of Oakland**

13   The parties appeared at a private mediation before the Honorable Raul Ramirez (Ret.)
14 on June 9, 10, and 11, 2010. As a result of the these mediation sessions before Judge Ramirez,
15 a tentative monetary settlement was reached on June 11, 2010, which included all of the
16 identified *Oliver* and *Jackson* plaintiffs.  The proposed settlement was approved by the City of
17 Oakland, and all of the individual plaintiffs/identified putative class members have signed the
18 settlement release and have approved the settlement.  On August 10, 2010, the Court
19 approved the settlement of the monetary claims and dismissed all class based claims for
20 monetary relief with prejudice; however all claims by putative class members that were not
21 identified were dismissed without prejudice.  The Court further ordered that upon approval of
22 the petitions for minors' compromise and full payment of the settlement, the monetary claims
23 of the identified plaintiffs/putative class members would be dismissed with prejudice.  The

1  Court has granted the minors' petitions for compromise and the City is currently in the
2  process of satisfying the monetary settlement.
3      There have been continuing negations between counsel for plaintiffs and the City of
4  Oakland concerning the content and scope of the claims for non-monetary relief.  The non-
5  monetary relief issues are intended to address and remedy training and policy deficiencies
6  which caused or contributed to the warrant affidavit problems in this case.  The Court retained
7  jurisdiction over the claims for non-monetary relief.
8      Respectfully Submitted,

Dated: September 3, 2010              _____/S/_____
                                       JOHN L. BURRIS
                                       LAW OFFICES OF JOHN L.BURRIS
                                       Attorney for Plaintiffs Reginald Oliver, et al.

Dated: September 3, 2010              _____/S/_____
                                       JAMES B. CHANIN
                                       LAW OFFICES OF JAMES B. CHANIN
                                       Attorney for Plaintiffs Reginald Oliver, et al.

Dated: September 3, 2010              _____/S/_____
                                       RANDOLPH W. HALL
                                       OAKLAND CITY ATTORNEY'S OFFICE
                                       Attorney for Defendant
                                       City of Oakland

Dated: September 3, 2010              _____/S/_____
                                       TERENCE J. CASSIDY
                                       Attorney for Defendant
                                       City of Oakland

{00819807.PDF}JOINT FURTHER CMC STATEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH