1   JOHN L. BURRIS (SBN #69888)
    LAW OFFICES OF JOHN L. BURRIS
2   7677 Oakport Street, Suite 1120
    Oakland, California  94621
3   (510) 839-5200; FAX (510) 839-3882
    Email: john.burris@johnburrislaw.com
4
    JAMES B. CHANIN (SBN# 76043)
5   JULIE M. HOUK   (SBN# 114968)
    Law Offices of James B. Chanin
6   3050 Shattuck Avenue
    Berkeley, California  94705
7   (510) 848-4752; FAX: (510) 848-5819
    Email: jbcofc@aol.com
8   (Doc No. 746343)

9

    Attorneys for Plaintiffs
10  REGINALD OLIVER, et al.

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13
    REGINALD OLIVER, et al.,                  )
14                                            )   MASTER CASE NO:  C00-4599 TEH
                          Plaintiffs,         )   OLIVER CASE NO:   C08-04914 TEH
15  vs.                                       )
                                              )   **STIPULATION FOR APPROVAL OF**
16                                            )   **MOTION TO SETTLE NON-MONETARY**
                                              )   **RELIEF CLAIMS, INCLUDING**
                                              )   **PUTATIVE CLASS CLAIMS IN THE**
17                                            )   **MATTER OF OLIVER, ET AL V. CITY**
    CITY OF OAKLAND, et al.,                  )   **OF OAKLAND, ET AL.MASTER CASE**
18                                            )   **NO. C00-4599 TEH AND OLIVER CASE**
                          Defendants.         )   **NO. C08-04914 TEH AND [PROPOSED]**
19  _____         )   **ORDER**

20

21

22          STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
23                OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

24                                      1

1

2

## I. INTRODUCTION

3

The *Oliver, et al*. Plaintiffs commenced this action as a putative class action under

4

F.R.C.P. 23.  The class was never certified and this matter did not proceed as a class action. The

5

Court previously approved the settlement of the monetary relief claims of the identified putative

6

class members and dismissed the claims of the absent class members without prejudice.

7

Following the settlement of the monetary relief claims, counsel for the parties continued to

8

negotiate the non-monetary relief settlement to eliminate any unconstitutional practices

9

pertaining to City employees seeking or executing remedy search warrants.

10

The parties have reached a tentative settlement agreement ("the Agreement") of the

11

remaining non-monetary relief claims and are moving the Court for an Order approving the

12

settlement of the non-monetary relief claims. Counsel for both parties believe that the proposed

13

settlement of the non-monetary relief claims is fair and reasonable and hope that the procedures,

14

supervision, training and auditing requirements under the revised search warrant and confidential

15

informant policies will avoid a recurrence of the searches and seizures that led to the alleged

16

violation of the Plaintiffs' Fourth Amendment rights in this case.

17

18

### A.  THE AGREEMENT SHOULD BE DEEMED A SETTLEMENT OF THE PUTATIVE CLASS MEMBERS CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(E)

19

20

1.  This action was commenced as a class action. The class was not certified.

21

22

STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

23

24

2

2. Until 2003, F.R.C.P. 23 (e) provided that a pre-certification settlement in a putative class action was subject to the approval of the Court to ensure that the settlement was not collusive or prejudicial. See e.g., *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir.1989).  In 2003, F.R.C.P. 23(e) was amended as follows: "The claims, issues, or defenses *of a certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval." (Emphasis added).

3. Rule 23, as amended, does not expressly state that approval of settlements in uncertified cases is not required and the Ninth Circuit has not yet clarified this issue. See, e.g., *Holmes v. Collection Bureau of America, Ltd.*, 2010 U.S. Dist. LEXIS 5108 (N.D. Cal. 2010).

4. The Agreement resolves the injunctive relief claims and provides that the Court retains jurisdiction for two years, during which time the parties may petition for redress pertaining to compliance with the Agreement.

5. Due to the uncertainty of the current state of the law in the Ninth Circuit with respect to whether Court approval is still required for pre-certification settlements in putative class actions, the parties believe it is necessary to obtain the Court's approval of the Agreement in order to establish that the settlement, without formal notice to the putative class, is fair and reasonable and does not prejudice the absent class members and was not the product of collusion if the Ninth Circuit

STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

3

1    determines that Court approval is required for settlements in putative class actions

2    which have not been certified.

3    **6.**   The parties cite *Miller v. Hygrade Food Products Corporation*, 2002 U.S. Dist.

4    LEXIS 9329 (E.D. PA, May 23, 2002), in which the Court approved a pre-

5    certification *damages* settlement of a putative class action without notice to the

6    putative class where the claims of the absent putative class members were being

7    dismissed without prejudice.  In that case, just as in the instant case, Plaintiffs'

8    counsel sought to identify as many of the individual, putative class members as

9    possible, obtained the agreement of all the identified class members to the

10    monetary relief settlement, and the Court previously determined that the proposed

11    monetary settlement terms were fair and reasonable under the circumstances.

12

13                          **II. STATEMENT OF FACTS**

14    **A.  BACKGROUND OF THE UNDERLYING CASE**

15        The *Oliver, et al.* Plaintiffs alleged that the subject case arose from a pattern and practice

16    by members of the Oakland Police Department of submitting warrant affidavits that contained

17    deliberately false or recklessly inaccurate information to the Alameda Superior Court in support

18    of the issuance of search warrants in narcotics cases.  Plaintiffs further alleged that as a result of

19    customs, policies and practices of the City of Oakland, they suffered the violation of their rights

20    under the Fourth Amendment to the United States Constitution when they were subjected to

21    unreasonable searches and seizures.

22

    STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
23    OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

24                                    4

**B. TERMS OF AGREEMENT**

1. City of Oakland Departmental Training bulletin ("TB I-F"), Search Warrant Tracking Sheet ("TF-3343") and Drug analysis Examination Request ("TF-3341") and Oakland Chief of Police Anthony Batts' Order dated November 12, 2010 ("Chief Batts' Order") are incorporated by reference into the terms and conditions of this Agreement and the City agrees to comply in the entirety with the requirements of each of the above set forth documents.

2. A true and accurate copy of each of these documents is attached to this Agreement. Chief Batts' Order is attached as Exhibit 1. TB I-F is attached as Exhibit 2. TF-3343 is attached as Exhibit 3 and TF-3341 is attached as Exhibit 4.

3. Compliance with the requirements of each of the above set forth documents in their entirety, means, inter alia, that the City agrees to comply with all reviews, document preservation and audit provisions set forth in these documents, including any review, document preservation and audit requirements set forth in any document, for example the City Confidential Informant Policy (DGO-04), that governs procedures that City employees must follow when seeking a search warrant. DGO-04 is attached as Exhibit 5, by way of example.

   a. **A summary of some of the essential terms that are incorporated into and made an integral part of this Agreement is:**

STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

- TB I-F requires, inter alia, supervisors and commanders to review the affidavit prepared by her or his subordinate in support of each search warrant prepared.

- This review must be completed prior to allowing the affidavit to be submitted to a judicial officer and, inter alia, must: 1. verify that the information contained in the affidavit can be verified by the affiant; 2. seek to determine if there are any misstatements, errors, inaccuracies or omissions of the factual basis for the seeking the warrant.

- Prior to submitting a search warrant affidavit to a judicial officer, the reviewing supervisor and commander must complete form TF-3343. Form TF-3343 documents that the supervisors and commanders have discharged their duties pursuant to TB I-F to review the affidavits and other documents prepared by their subordinates to seek a search warrant and that the documents comport with the requirements of TB I-F.

- TB I-F also mandates the procedure to which City employees must adhere when requesting that the Criminalistics Division conduct drug evidence testing.

- All requests for testing suspected narcotics related to an Oakland Police investigation are made by the Narcotics Charging Unit. The Narcotics Charging Unit must submit, in writing to the Criminalistics Division, all requests for drug testing. The submission must be made using form TF-3341.

- The Criminal Investigation Division Commander is the custodian of records for copies of search warrant affidavits, search warrants and other documents

STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

6

generated by the search warrant application process or directly pertaining to such records.

- The City shall comply in the entirety with the review and audit provisions set forth in TB I-F, including all forms, training requirements and Orders referenced in TB I-F. The training requirement specifically requires POST search warrant training for all sworn members of the Oakland Police Department.

- The City shall comply with Chief Batts' Order, establishing that supervisors and commanders are responsible for ensuring their subordinates read and understand the revised search warrant policy and that they access the POST Learning Portal for the required search warrant training.

- Pursuant to Chief Batts' Order, the Commander of the Bureau of Investigation is the "evaluation coordinator" responsible for assessing implementation and compliance with TB I-F.  Compliance includes forwarding the required six-month evaluation report to the Chief of Police.

- The City shall provide Plaintiffs' counsel with copies of the relevant parts of the Monthly Management Reports and annual internal and external audits documenting monthly inspections and annual audits generated by or incident to TB I-F, including summaries of the source documents, within 30 days of the completion of any such audit and/or inspection for a period of two years beginning the date that the court approves this Agreement.

STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

- The Court shall retain jurisdiction of *Oliver, et al* case for a period of two years beginning the date on which the Court affixes its seal of approval to this Agreement.

- During the time that the Court retains jurisdiction of Oliver, et al, either party may petition the Court for relief as is appropriate. Plaintiffs' counsel has the right to move the Court for appropriate remedies, including contempt, if there is legally sufficient evidence establishing that City employees failed to fully implement TB I-F; or have failed to comply with the terms of TB I-F, including failure to conduct the required audits, reviews and/or inspections required by TB I-F.

- Failure to fully implement, enforce and comply with TB I-F, including failure to fully implement the audit, review and/or inspect functions pursuant to TB I-F shall, absent good cause, constitute a material breach of this Agreement, entitling Plaintiffs' counsel to move the Court for any and all appropriate relief that the Court may deem to be just and proper.  Prior to making any such motion to the Court, Plaintiffs' counsel shall meet and confer in good faith with counsel for the City of Oakland to attempt to resolve the issues of concern to Plaintiffs.

- If Plaintiffs demonstrate that members of the City of Oakland have failed, absent good cause, to implement, enforce, comply with and/or audit, inspect and/or review the revised warrant policy, Plaintiffs' counsel shall, at the discretion of the Court, be entitled, pursuant to motion, to an award of reasonable attorney fees and costs. The City shall, at the discretion of the Court, be entitled to its reasonable

STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

attorney fees and costs to be paid by Plaintiffs if a motion brought by Plaintiffs' counsel is not granted.

- The parties seek to avoid having to petition the Court for redress of issues arising out of this Agreement. To that extent, the parties will endeavor to resolve any such disputes informally and expeditiously.

- The parties expressly agree that any award of attorney fees and/or costs rests solely at the discretion of the Court.

- If either party brings a motion arising out of this Agreement ~~or~~ and that motion is withdrawn or if the issue that is the subject of such motion is resolved prior to adjudication, then neither party shall be awarded attorney fees and each party shall bear its own costs incident to prosecuting or responding to such motion.

- The City of Oakland agrees to provide Plaintiffs' counsel with copies of all audits, reviews and inspections, within thirty days of the completion of any such audit, review and/or inspection for a period of two years.

- Upon agreement by the parties or pursuant to Court Order, the City will provide Plaintiffs with source documents that are necessary to assess compliance with this Agreement.

- Source documents are the basic data recordings and compilations upon which all documents pertaining to obtaining search warrants by the City employees is based. Source documents are defined to include, but are not limited to: search warrants affidavits, search warrants, chemical analysis reports from the lab, crime

STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

reports and such other documents that reflect fact intensive information gathered and compiled in the course of business at, during or shortly after the initial stages of field operations incident to seeking, executing or prosecution incident to obtaining search warrants.

• The City reserves the right, absent court order, to withhold from disclosure to Plaintiffs any document or material, the disclosure of which presents a reasonable threat to the life or safety of persons or which could compromise the ability of the City to use constitutionally permissible law enforcement methods.

• If the City withholds any documents or other materials from disclosure from the Plaintiffs, the City shall provide Plaintiffs' counsel with a privilege log in a timely manner which describes the materials being withheld and the reasons with sufficient specificity to enable Plaintiffs' counsel to determine whether a motion to compel the disclosure of such documents and/or materials is warranted.  Any such privilege log shall be produced to Plaintiffs' counsel at the time when the City's disclosure would otherwise be required by this Agreement.

• The City reserves its right not to disclose all source documents to Plaintiffs on the ground that to do so will be unduly administratively burdensome.

• The City will produce summaries of source documents attesting compliance as set forth in this Agreement.

• The City agrees that, on or before February 18, 2011, it will provide Plaintiffs with a description of the source materials that are not being produced. The

STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

1   description will be of sufficient specificity to enable Plaintiffs to seek additional

2   information if Plaintiffs believe it is necessary to so do.

3   • The parties agree to submit unresolved questions regarding disclosure of any

4   information, including, but not limited to source documents and confidential

5   information to the court for "in camera" inspection and resolution.

6

7                          **III. STIPULATION**

8       THE PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD, DO HEREBY

9   STIPULATE AND AGREE THAT the proposed non-monetary relief settlement, including

10  settlement of the putative class injunctive relief claims, described in the Agreement should be

11  approved and that the Court shall retain jurisdiction in this matter for a period of two (2) years

12  beginning the date on of Court approval, to entertain motions or requests by the parties

13  pertaining to compliance with the terms of the non-monetary relief settlement by the City of

14  Oakland and to grant relief as appropriate, to the parties.

15  IT IS SO STIPULATED:

16

    Dated:  February ___9___, 2011
17                                                  ____/s/_____
                                                    JOHN L. BURRIS
                                                    Attorney for the Oliver Plaintiffs
18
    Dated:  February ___9___, 2011
19                                                  ____/s/_____
                                                    JAMES B. CHANIN
                                                    Attorney for the Oliver Plaintiffs
20                                                  February
    Dated: ~~January~~  ___8___, 2011
21                                                  _____
                                                    DAN LINDHEIM
                                                    City Administrator, City of Oakland
22

23  STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
    OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

24
                                         11

Dated: January 27, 2011

RANDOLPH W. HALL
Attorney for Defendants

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

Dated: February 8, 2011

RANDOLPH W. HALL
Attorney for Defendants

## ORDER

PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS SO ORDERED

Dated: February 14, 2011

THE
Judge                                                    Cour

IT IS SO ORDERED

Judge Thelton E. Henderson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATED MOTION FOR APPROVAL OF NON-MONETARY RELIEF SETTLEMENT
OLIVER V. CITY OF OAKLAND, CASE NO. C08-04914 TEH

12